Westbrook, J.
The plaintiff is a corporation duly organized and formed under the laws of the State of Indiana, and its legal location is in the city of Indianapolis, in said State.
• It commenced the transaction of business in this State on October 2, 1880, and had been transacting business therein for a period of eight months, when chapter 256 of the Laws of 1881 was adopted.
The objects of the plaintiff’s organization, as stated in the complaint, are, 1 ‘ to unite in bonds of fraternity, aid and protection” all acceptable white persons of *164 good character, steady habits, sound bodily health, and reputable calling, who believe in a Supreme Intelligent Being, the Creator and Preserver of the Universe ; to improve the condition of its membership, morally, socially and materially, by timely counsel and instructive lessons, by encouragement in business, and by assistance to obtain employment when in need ; to establish a relief fund, from which members of this association who have complied with all its rules and regulations, or persons by such members lawfully designated, or the legal heirs of such members, may receive a benefit in a sum not exceeding three thousand dollars, which shall be paid either when a member reaches the age of seventy-fine years, or when, by reason of disease or accident, such member becomes permanently disabled from following his usual or some other occupation, or upon satisfactory evidence of the death of such member, and when all the conditions regulating such payment have been complied with.”
The resources of the plaintiff are derived entirely from voluntary donations, admission fees, dues and assessments from members, and the interest thereon.
As to the objects of the plaintiff’s organization and the source of its revenues, and the time when it commenced business in this State, there is no dispute, and claiming the right to do business therein? the plaintiff seeks to enjoin the defendant from interfering in any way with its operations, insisting that he has wantonly and maliciously sought to interrupt its operations and business.
The defendant claims, as one defense to the motion, that the plaintiff’s agreement to pay to a member, his heirs or beneficiary, the sum of $3,000, upon such member attaining the age of seventy-five years, subjects it to the general insurance law of the State, and therefore it cannot transact business therein without complying with such general insurance statutes. The *165 first question, therefore, which this motion presents, is, does chapter 356 of the Laws of 1881 make the general insurance laws inapplicable to the plaintiff ?
The act to which reference has just been made, by its first section, provides that “All associations and societies, whether voluntary or incorporated under the laws of this State, or of any other State or Territory of the United States, or of the District of Columbia, doing business in this State, which heretofore have, or hereafter may issue any certificate to, or have made or may make any promise or agreement with their members, whereby, upon the decease or sickness, or other physical disability of a member, any money or other benefit, charity, relief, or aid is to be paid, provided or rendered to such member, or to others dependent upon him or beneficiary designated by him, which money, benefit, charity, relief or aid are derived from voluntary donations, or from admission fees, dues, and assessments collected or to be collected from the members thereof, and interest and accretions thereon, and which funds and the business operations of which associations and incorporations are limited to such benevolent or charitable uses, shall be subject only to the provisions of this act, as hereinafter specified.”
It will be observed from the language of the law just given, and from the nature and character of its business and the sources of its revenue, in regard to which there is no contest, that the plaintiff is clearly subject to the act of 1881, and not to the general insurance law of the State, provided that the attainment of seventy-five years of age by a member is a “physical disability,” within the true intent and meaning of that statute.
That old age causes “physical disability” is a fact which our senses continually attest. These mortal bodies are certain to fail by the lapse of years alone, though sickness, disease or accident do not visit them. *166 There is a period,'too, which human experience has. fixed as the time when the vital forces are lessened and when “ physical disability,” to a certain extent at least, must surely be present.
The psalmist says, “The days of our years are three-score years and ten,” and while he admits, what our observation has also discovered, that the number of those days may in exceptional cases be increased, yet both the constitutional and statute law of the State recognize the fact that, at seventy years of age, physical infirmity and disability are present (Const. of N. Y. art. 6, § 13; 1 R. S. 6 ed. p. 388, § 6), and in so doing, they have but expressed our own consciousness.
The extent of the “physical disability” upon the existence of which a corporation or association, of the character of the plaintiff, may undertake to pay benefits, without placing itself beyond the pale of the act of 1881, is not stated therein. A “ physical disability” may be great or small, to the degree of complete prostration, or of partial only ; but so long as it exists as a fact and is really present, disabling a person either entirely or partially from pursuing the active duties and business of life, then an agreement by the plaintiff or any similar association or corporation to pay to a member or to his family, or. to a beneficiary designated by him, a benefit when he has thus become completely or partially disabled, is lawful under the act of 1881, without any compliance with the general insurance law. Has the plaintiff undertaken to do any more than this % It simply agrees to pay a specified sum, when a member attains seventy-five years of age, or when by disease or accident he is prevented from following any occupation, or upon his death. In other words, the plaintiff, recognizing the fact that “physical disability” must come to a member by age alone, though he be exempted from disease and accident, and that uncertainty might exist as to its actual presence, *167 unless a specific time was fixed when it should be deemed to be present, has declared that the arrival of the age of seventy-five years—a period of life five years beyond the allotted days of man, and the period of his usefulness to the State in a judicial capacity—shall be deemed a “physical disability” which shall entitle a member to a benefit from a relief fund, which he has helped to create. As in fact and in truth in every case, when a person reaches the age of seventy years, “physical disability,” greater or less, must be present, the-undertaking of the plaintiff is not different from one depending upon the coming of physical infirmities by reason of age. The contracts it makes simply remove all uncertainty by the specification of a time upon the arrival of which “physical' disability” shall be deemed'to be present, and which'time is one that not only divine and human law, but our experience as well, recognize as a period of life when it is certain to be present, though in some instances its presence is less clearly manifested than in others.
For the reasons which have been stated, I- am forced to the conclusion that the plaintiff is amenable to the law of 1881, and not, to the general insurance statutes of the State, and that the article of its by-laws which provides for the payment of a benefit to a member upon his attaining the age of seventy-five years, is one rendered proper by the occurrence of an “other physical disability of a member” within the true intent and meaning of these words as used in the act aforesaid.
Before proceeding to the discussion of the outer question which this motion involves, it should be stated that section 4, of chapter 256 of the Laws of 1881, is not applicable to the plaintiff. That section excepts from its operation, associations, &o., such as are now doing business within this State, and as the plaintiff had been doing business in this State for eight months when the law was enacted, it required no certificate of authority *168 so to do from the superintendent of insurance, as is by such section required for companies who, subsequently to the passage of the law, undertake to do business within this commonwealth. As the plaintiff has complied with all the requirements of' the act of 1881 (this is assumed, because not questioned), it is clearly entitled to carry on its operations in this State, unmolested by any improper interference from the defendant, or any other person; and this brings us to the inquiry: Has the defendant improperly and unlawfully sought to injure the plaintiff in its business ?
The complaint proceeds upon the theory that the defendant, as superintendent of insurance, has improperly written to parties to dissuade them from uniting with any of the plaintiff’s branches in this State, threatening them with legal penalties in case of their becoming members, and has thus seriously injured the plaintiff in its business. If this had been wantonly and maliciously done, as the complaint charges, the plaintiff would be entitled to the injunction it seeks, to restrain such conduct. The defendant is, however, a high officer of the State, to whom such conduct should not be attributed except upon the clearest proof. He emphatically denies any such interference as has been imputed to him by the plaintiff, and shows by much detail of statement, the times and occasions when he has expressed an opinion of the plaintiff and its business. All these utterances, whether spoken or written, were made when he was officially interrogated, and were evidently promulgated in good faith. It is not the office of an injunction, nor the prerogative of this court, to dictate to an officer of the State his views as to the proper construction of a law.
He can only be compelled to do what the law commands him to do, or be restrained from doing an act, to another’s injury, which he has no power to do ; but he cannot by injunction be prevented from expressing, *169 in a lawful and proper manner, Ms views of the legality of a business, when he is actuated by no malice or evil intent. Upon the allegations of the defendant’s answering papers, the preliminary injunction asked for must be refused. A trial of the action, which will more perfectly develop the case, will enable the court to proceed with more certainty. As, however, our construction of the act of 1881 differs wholly from that of the defendant, no costs upon the denial of this motion will be given, but they will abide the final determination of the suit.